STEWART *v.* KENNEDY & COMPANY.

[80 South. 105, Division A.]

1. EJECTMENT. *Possession under defective title. Right against Intruder.*

A party in prior possession of land under claim of title may, though his title be defective, maintain ejectment against a mere intruder who has ousted him of possession.

2. EJECTMENT. *Prior possession. Sufficiency of possession.*

Under the facts as set out in its opinion in this case, the court held that plaintiff held prior possession of the land, and had been dispossessed by defendant who was a mere intruder.

APPEAL from the circuit court of Tallahatchie county. HON. E. D. DINKINS, Judge.

Suit by Kennedy & Company against Simon D. Stewart. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Wells, May & Sanders, Hays, Stingiley & Whitten* and *Woods & Kuykendall,* for appellant.

*Cutrer & Johnson* and *Ward & Ward,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an action in ejectment, begun by appellee in the court below to recover possession of certain land. At the close of the evidence the court instructed the jury to find for appellee, and there was a verdict and judgment accordingly.

Appellee's evidence tends to show title in himself by grant from the United States government to the state of Mississippi in 1850, and through a number of mesne conveyances to himself in 1913, and we will assume that

counsel for appellant are correct in their contention that the title of one of appellee's remote grantors was defective, for the peremptory instruction was properly granted without reference to the alleged defect in appellee's title, for the reason that it appears from the evidence that appellee had the prior possession of the land, and when he was dispossessed thereof by appellant, he (appellant) was a mere intruder.

Prior to 1913 the land was wild and unoccupied, but in 1913 J. B. Dorset, appellee's grantor, having at least-color of title to the land, rented it to one Brown, who lived nearby, and who cleared up and plowed, but did not plant, about five acres of the land. In January or February, 1914, appellee, who had then purchased the land from Dorset, rented it to one Reese, who cleared and was cultivating about twenty acres of it when appellant appeared on the scene, dispossessed Reese, and himself took possession of an undisclosed portion of the land, whereupon appellee instituted this suit.

Appellant's contention that he had the prior possession of the land is not supported by his evidence, for it simply tends to show that he inspected the land several times in the years 1910, 1911, and 1912; that without any sort of color of title thereto he employed one Mack in 1910 to cut and haul timber from the land, but that Mack failed to do so; that in 1911 he employed one Neal to cut and haul timber from the land, which Neal did during the months of July and August of that year, but how much timber was cut and removed by him does not appear.

*Affirmed.*